IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACK E. HARMON,                          6:15-CV-01496-BR

         Plaintiff,                      OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

         Defendant.


**KATHERINE EITENMILLER**
**MARK A. MANNING**
Harder Wells Baron & Manning
474 Willamette Street
Eugene, OR 97401
(541) 686-1969

         Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-2112

       Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Jack E. Harmon seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

      Plaintiff filed his applications for DIB and SSI on December 1, 2011.  Tr. 194.[1]  Plaintiff alleged a disability onset date of August 1, 2008.  His applications were denied initially and on reconsideration.  An Administrative Law Judge

---

      [1] Citations to the official transcript of record filed by the Commissioner on January 13, 2016, are referred to as "Tr."

2 - OPINION AND ORDER

(ALJ) held a hearing on December 13, 2013.  Tr. 35-78.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on February 12, 2014, in which he found Plaintiff was not disabled and, therefore, is not entitled to benefits.  Tr. 15-34.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on June 8, 2015, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on April 15, 1959.  Tr. 194.  Plaintiff was 54 years old at the time of the hearing.  Plaintiff has a GED.  Tr. 41-42.  Plaintiff has past relevant work experience as a termite inspector.  Tr. 69.  Plaintiff alleges disability due to arthritis, ulcers, reflux, and hypertension.  Tr. 80.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21-23, 26-27.


## STANDARDS

The initial burden of proof rests on the claimant to

establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving

ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

**I.    The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner
determines the claimant is engaged in substantial gainful
activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See
also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir.
2011).

At Step Two the claimant is not disabled if the
Commissioner determines the claimant does not have any medically
severe impairments or combination of impairments.  20 C.F.R.
§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648
F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his August 1, 2008, alleged onset date.  Tr. 20.

At Step Two the ALJ found Plaintiff has the severe impairment of degenerative disc disease of the cervical, thoracic, and lumbar spine.  Tr. 20.  The ALJ found Plaintiff's reflux, anemia, "bilateral foot problems," depression, and anxiety are nonsevere and Plaintiff's gout is not an impairment. Tr. 21, 23.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 24. The ALJ found Plaintiff has the RFC to perform light work with "a sit/stand option at 30 minute intervals; he may need two to three minutes off task each hour while he stands and moves to stretch his back." Tr. 25. The ALJ also found Plaintiff could occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, stairs, and ramps. Tr. 25. At Step Four the ALJ concluded Plaintiff could not perform his past relevant work. Tr. 27.

At Step Five the ALJ concluded Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 27. Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly partially rejected Plaintiff's testimony; (2) improperly gave "no weight" to the opinion of Kelly Smith, F.N.P., treating nurse practitioner, related to Plaintiff's depression; (3) found at Step Two that Plaintiff's depression is a nonsevere impairment; and (4) found at Step Five that Plaintiff could perform other work in the national economy.

I.   **The ALJ did not err when he partially rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred by failing to provide clear and convincing reasons for partially rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient. *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified he could "hardly walk

very far at [a] very long stretch" due to pain in his back and
gout in his knees and ankles.  Tr. 45.  Plaintiff testified he
stopped working as a termite inspector in August 2008 because he
was laid off due to "the housing market . . . falling out."
Tr. 46.  Plaintiff obtained two other short-lived jobs before he
moved to Oregon in 2010, but "it just wasn't a very good
[economic] atmosphere for doing work."  Tr. 46.  Plaintiff also
testified he began to have problems performing the work due to
back pain towards the end of his job in August 2008.  Plaintiff
stated he attempted to work for a fishery for a month in later
2010 or early 2011, but he was unable to perform the job because
it required him to lift 50-pound boxes full of crab.  Plaintiff
testified he applied for other jobs, but he was not hired and, in
any event, he was uncertain whether he could have performed the
jobs he applied for due to his back pain.  Plaintiff testified he
could walk "maybe 50 yards at a time" before he needed to stop
and to rest, could sit 210 minutes before needing to stand, and
could stand for 10 minutes before needing to sit.  Tr. 64-65.
Plaintiff noted he walks to the Mission three times a week to eat
and to visit with friends.  Tr. 66.  Plaintiff acknowledged the
Mission is 3/4 of a mile from where he lives, but he rests during
his walk there.  Tr. 66.  Plaintiff stated he could lift 20
pounds, but he is "anemic and real weak."  Tr. 65.

      Plaintiff stated he had a significant problem with drinking

alcohol until mid-2012 when he quit "cold turkey."  Tr. 52.

Plaintiff testified he suffers from depression and anxiety that

were exacerbated when Plaintiff lost his job in 2008 and then

became homeless for a time.  Plaintiff noted he takes medications

for anxiety that are helpful.  Tr. 58.  Plaintiff testified he

was seen by Rose Beck, M.S., in October 2012 for a behavioral

health evaluation, but he did not follow up with her and he has

not made any other attempts to see any other mental-health

professional.  Tr. 64.

The ALJ found Plaintiff's "medically determinable

impairments could reasonably be expected to cause some of the

alleged symptoms," but Plaintiff's testimony "concerning the

intensity, persistence and limiting effects of [his] symptoms are

not entirely credible."  Tr. 25.  The ALJ noted Plaintiff

underwent an MRI in January 2012 that indicated Plaintiff had

"minimal to mild degenerative disc disease in the cervical,

thoracic, and lumbar spine . . . without disc herniation at any

of the levels in the spine."  Tr. 292.  "The disc bulging does

not touch the spinal cord or displace any of the transversing

nerve roots."  Tr. 292.  The ALJ also noted records from Bay

Clinic reflect Plaintiff had normal gait and maintained full

motor strength on multiple examinations from August 2012 through

May 2013.  Tr. 26, 396, 400, 404, 409.  In addition, the ALJ

noted treating physician Greg Schandelmeier, M.D., declined to

give Plaintiff an early refill of his narcotic pain medication in
December 2012 and provided Plaintiff with ibuprofen and Tramadol
instead.  Tr. 432.  On May 6, 2013, treating physician Andrew
Maslona, M.D., explained to Plaintiff that "chronic opiates [are]
not likely to be beneficial for back pain."  Tr. 413.
Dr. Maslona recommended Plaintiff taper off narcotics and
discontinue Tramadol.  Dr. Maslona filled a partial prescription
for narcotics and then "plan[ned] to taper slowly with next
[refill] request."  Tr. 413.  Plaintiff, however, did not
continue treatment with Dr. Maslona and instead began treatment
with Amit Bhandari, M.D., at a new clinic in June 2013.
Dr. Bhandari prescribed narcotics to Plaintiff for pain.  In
September 2013 Plaintiff reported to Dr. Bhandari that his
narcotics had been stolen during Plaintiff's transition from
homelessness to a motor home.  Dr. Bhandari refilled Plaintiff's
narcotics prescription early, but he advised Plaintiff that he
would not provide any more early refills.

On this record the Court finds the ALJ provided clear and
convincing reasons supported by substantial evidence in the
record for finding Plaintiff's testimony was not entirely
credible as to the limiting effects of his impairments.  The
Court, therefore, concludes the ALJ did not err when he rejected
Plaintiff's testimony in part.

12- OPINION AND ORDER

## II.  The ALJ did not err when he did not give any weight to F.N.P. Smith's opinion regarding Plaintiff's mental-health impairments.

Plaintiff alleges the ALJ erred when he did not give any weight to F.N.P. Smith's opinion regarding Plaintiff's mental-health impairments.

Medical sources are divided into two categories: "acceptable" and "not acceptable."  20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. § 416.902.  Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners . . . .  SSR 06-03p, at *2.  The ALJ may assign a not-acceptable medical source either greater or lesser weight than that of an acceptable medical source.  SSR 06-03p, at *5-6. The ALJ, however, must explain the weight assigned to such sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning.  SSR 06-03p, at *6.

On June 20, 2012, F.N.P. Smith completed check-the-box forms related to Plaintiff's mental-health impairments.  F.N.P. Smith opined Plaintiff's depression caused him to have marked difficulties in maintaining social functioning and "episodes of deterioration or decompensation in work or work-like settings which cause [Plaintiff] to withdraw from that situation or to experience exacerbation of symptoms."  Tr. 335.

The ALJ did not give any weight to F.N.P. Smith's opinion on

the ground that it was not supported by the medical record. Specifically, the ALJ noted in July 2012 (which was only one month later) F.N.P. Smith reported Plaintiff did "not appear depressed, and [his] affect did not appear flat. He is not tearful. He does not appear anxious. . . . Mood is stable." Tr. 404. In August 2012 Dr. Schandelmeier reported Plaintiff's mood was "pleasant. Not depressed" and described Plaintiff's depression as mild.

Tr. 396. The ALJ also noted Plaintiff's medical records from October 2011 through June 2013 reflect Plaintiff did not "appear depressed, and [his] affect does not appear flat. He is not tearful. He does not appear anxious" or similar. *See, e.g.,* Tr. 297, 299, 303, 305, 307, 309, 313, 316, 339, 343, 354, 356, 420, 422, 424, 426, 428. The ALJ also noted Plaintiff underwent a Behavioral Health Assessment in October 2012 performed by Rose Beck, M.S., who diagnosed Plaintiff with alcohol abuse but deferred a diagnosis of depression. Tr. 458-59. Rose indicated Plaintiff "could benefit from specific cognitive education to learn healthier coping techniques to manage stressors in his life." Tr. 459. Rose recommended Plaintiff participate in an out-patient treatment at Adapt and engage in mental-health counseling at CCMH. Plaintiff, however, did not participate in either of these programs and did not see Rose again for treatment.

14- OPINION AND ORDER

On this record the Court concludes the ALJ did not err when he did not give any weight to F.N.P. Smith's opinion regarding Plaintiff's mental-health impairments because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err at Step Two when he found Plaintiff's depression is nonsevere.**

Plaintiff asserts the ALJ erred at Step Two when he found Plaintiff's depression is nonsevere.

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting.

15- OPINION AND ORDER

*Id.*

Here the ALJ found Plaintiff's depression is nonsevere and well-controlled with medication.  The ALJ relied on the following to support his opinion:  (1) the numerous times in the record that Plaintiff was reported as not being depressed or not showing signs of depression, (2) Plaintiff's failure to follow up with any mental-health counseling after his evaluation by Rose in October 2012, (3) Rose's deferral of a diagnosis of depression, and (4) his reasons for rejecting F.N.P. Smith's June 2012 opinion.

On this record the Court concludes the ALJ did not err when he found Plaintiff's depression is nonsevere and well-controlled with medication because the ALJ provided legally sufficient reasons supported by the record for doing so.

In any event, the Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as nonsevere does not prejudice a claimant at Step Two.  *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).  As noted, at Step Two the ALJ found Plaintiff has the severe impairment of degenerative disc

disease of the cervical, thoracic, and lumbar spine.  Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in finding Plaintiff's depression is nonsevere would be harmless.

**IV. The ALJ did not err at Step Five when he concluded Plaintiff could perform other work that exists in the national economy.**

Plaintiff asserts the ALJ erred at Step Five when he concluded Plaintiff could perform other work that exists in the national economy because the ALJ failed to consider all of the limitations set out by Plaintiff and F.N.P. Smith.

Because the Court has found the ALJ properly rejected Plaintiff's testimony in part and properly did not give any weight to F.N.P. Smith's opinion regarding Plaintiff's depression, the Court concludes the ALJ did not err at Step Five when he failed to include all of the limitations indicated by Plaintiff and by F.N.P. Smith in the his assessment of Plaintiff's ability to do other jobs existing in the national economy.

Accordingly, the Court concludes the ALJ did not err at Step Five when he concluded Plaintiff could perform other work in the national economy because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 27th day of July, 2016.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

18- OPINION AND ORDER